■ RICHARD A. WHITE, Respondent, v. JAMES A. LEARY et al., Appellants. — Appeal from a judgment entered on the verdict of a jury rendered at a Trial Term, Supreme Court, Saratoga County. Plaintiff was backing his station wagon out of a private driveway on Route 50 on December 11, 1956 when he was struck by an automobile of the defendant being driven in a southerly direction on the road and in the lane into which plaintiff was backing. Plaintiff has had a verdict of $10,000. The negligence of defendant who could have been found by the jury to have been operating his car at a high rate of speed was sufficiently established in the record. Defendant argues on appeal that plaintiff was negligent as a matter of law; and in any event that a finding of

lack of contributory negligence in his favor is against the weight of the evidence. The station wagon had been headed into the private driveway and the approach to the highway, in our view, was not so completely impeded in road visibility to make it negligence in itself to back out of it into the highway. The visibility was restricted, somewhat, but not cut off. Plaintiff, therefore, if he backed the vehicle out into the road with due caution under the circumstances could be found by the jury to have been free from negligence. He testified that as he backed out " very slowly " he could see nothing on the highway, in part apparently because his view was obstructed by trees; that as he backed out farther toward the shoulder he could see nothing on the highway; but that as he got beyond the shoulder into the road he first saw defendant's car 100 to 120 feet away. A good argument can be made that plaintiff should have seen defendant's car sooner, and that his failure to see it when he looked getting beyond the sight interference along the road was so negligent that the verdict ought not to stand. But in such an arguable area, where the speed itself of defendant's vehicle could be found to have been an ingredient in plaintiff's ability to observe it within reasonable distance and where the backward movement of plaintiff's vehicle seems to have been made cautiously in the light of restricted conditions of observation, the question of his contributory negligence seems to lie within the area of the jury's province, and as we examine the record, the verdict seems not to be against the weight of evidence in this respect. Judgment affirmed, with costs to respondent. Foster, P. J., Bergan, Gibson and Reynolds, JJ., concur; Herlihy, J., not voting.